Donald K. Nelson

3500 S. Tomahawk, #142

Apache Junction, Az 85119

Petitioner, Pro Se

FILED _____ _____ LODGED
_____ RECEIVED _____ COPY

MAR 09 2020

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY _____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| DONALD KENNETH NELSON, | ) | |
| Petitioner, | ) | No.  CV-20-00492-PHX-DLR–MTM |
| vs | ) | |
| MARK LAMB, Pinal County | ) | |
| Sheriff; and MARK BRNOVICH, | ) | PETITION FOR WRIT OF |
| Arizona Attorney General, | ) | HABEAS CORPUS BY A |
| Respondents. | ) | PERSON IN STATE CUSTODY |
| | ) | (28 U.S.C. § 2254) |

### PETITION

1. Name and location of court which entered the judgment of conviction under attack:

Apache Junction Justice Court #1107, Apache Junction, Pinal County, Arizona.

2. Date of judgment of conviction: March 3, 2019; Case Number: TR2017-000555

3. Length of sentence: 45 days in jail, with 31 days suspended and 60 months

Unsupervised probation.     Sentencing Judge: Douglas Coleman.

4. Nature of offense(s) of which you were convicted: 1.) Extreme DUI, driving or

being in control of a motor vehicle with a blood concentration of 0.20% in violation

of A.R.S. § 28-1382 (A)(2); 2.) Driving while being impaired to the slightest degree

in violation of A.R.S. § 28-1381 (A)(1).

5. Petitioner's plea was: not guilty.

6. Petitioner's trial was before a jury.

7. Petitioner testified at his trial.

8. Petitioner appealed his judgment and convictions.

9. If you did appeal, answer the following.

(a) Name of court: Superior Court Of Arizona, for Pinal County.

(b) Result: The Court vacated the Petitioner's convictions as to count two, driving

With a BAC of .08 or more, and count three, driving with a BAC of .15 or more. In all

other respects the convictions and sentences were affirmed.

(c) Date of result: October 7, 2019.

No second appeal, or petition for certiorari in the Supreme Court was filed.

10. Other than a direct appeal from the judgment of conviction and sentence have

you previously filed any petitions, applications, or motions with respect to this judgment

in any court, state or federal?  Yes (x)     No. ( ).

11. If your answer to 10 was "yes" give the following information:

2

(a)   (1) Name of Court: Arizona Court Of Appeals, Division Two.

(2) Nature of proceeding: Petition For Special Action.

(3) Grounds raised: Whether Petitioner's due process rights were

violated when he was convicted with tampered evidence;

Whether the Petitioner was denied his right to confront

witnesses; Whether the trial court erred when it overruled

an objection to a police officer's testimony estimating the

Petitioner's BAC based on field sobriety tests; whether the

trial court erred in failing to give a curative instruction, and

this resulted in Petitioner's Double Jeopardy; whether the

trial court erred when it allowed the State's expert witness

to testify to matters outside the scope of his expertise and

not disclosed prior to his testimony.

(4) Did you receive an evidentiary hearing on your petition, application

or motion?   Yes ( )     No (x ).

(5) Result: Court declined to accept jurisdiction.

(b)   (1) Name of Court: Arizona Supreme Court.

(2) Nature of proceeding: Petition For Special Action (treated as

Petition For Review).

    (3) Grounds raised: Whether Petitioner's due process rights were

        violated when he was convicted with tampered evidence;

        Whether the Petitioner was denied his right to confront

        witnesses; Whether the trial court erred when it overruled

        an objection to a police officer's testimony estimating the

        Petitioner's BAC based on field sobriety tests; whether the

        trial court erred in failing to give a curative instruction, and

        this resulted in Petitioner's Double Jeopardy; whether the

        trial court erred when it allowed the State's expert witness

        to testify to matters outside the scope of his expertise and

        not disclosed prior to his testimony.

    (4) Did you receive an evidentiary hearing on your petition, application

        or motion?   Yes ( )     No (x ).

    (5) Result: Court denied petition.

(d) Did you appeal to the highest state court having jurisdiction the result of any

    action taken on any petition, application, or motion?

(1) First petition, ect.   Yes  (X)       No  ( ).

(2) Second petition, ect.  Yes  ( )      No.  (X).

(e) If you did not appeal from the adverse action on any petition, application or
motion, explain briefly why you did not: In Arizona there is no mandatory
appeal beyond an appeal to the Superior Court from a Justice Court
decision. I didn't appeal my second petition to the State's highest Court
because it was a petition to the State's highest Court.

12. State concisely every ground on which you claim that you are being held
Unlawfully. Summarize briefly the facts supporting each ground.

A.  GROUND ONE: THE PETITIONER WAS DENIED DUE PROCESS WHEN
HE WAS TRIED AND CONVICTED WITH TAMPERED EVIDENCE
Supporting facts: The picture of the blood evidence tubes shows that the
seals are loose; DPS Criminalist Patrick Harding noted in his report
"loose seals"; Officer Dupont's body cam video shows him get up from
a desk walk over to where Officer Campano was processing the blood
point his body cam at the wall; he can be heard to ask Officer Campano
"are we good"; and when he returns to the desk, three tubes of blood are
visible in the evidence bag. While this is all taking place another Officer

is giving the Petitioner a redundant HGN test. Officer Campano only

took two tubes of blood from the Petitioner.

A-1  Was this issue presented to the Arizona Supreme Court?  Yes.

A-2  The issue was presented in a Petition For Special Action which was

   treated as a Petition For Review.

B.   Ground Two: THE PETITIONER WAS DENIED HIS RIGHT TO CONFRONT

   WITNESSES BY THE TRIAL COURT'S RESTRICTION ON CROSS-

   EXAMINATION

   Supporting facts: After the initial disclosure, the Petitioner requested any

   Brady material with respect to the arresting officers. The prosecutor stated

   there was none. Through research the Petitioner was able to determine,

   that Officer Campano, from a newspaper article, was disciplined for an

   incident at the Police Station, where he was asked to respond to a report of a

   drunk driver. Rather had than respond he had Dispatch Supervisor Lisa

   Eminhizer clear the call to make it look like he responded. Even though

   police officer disciplinary records are required to be kept under Arizona

   Law, when confronted with the article the prosecutor still insisted no

   records existed. At trial, the prosecutor presented an oral motion in limine to

preclude the Petitioner from asking questions about the incident. The judge

granted this motion despite the fact Officer Campano's credibility, or lack of,

was central to the Petitioner's defense of evidence tampering.

In a pre-trial interview the Petitioner asked Patrick Harding if he knew or

was aware of an individual named Greg Ohlson, he stated he was. Greg

Ohlson faced retaliation from the DPS for testifying contrary to the DPS

official line. The Petitioner wanted to ask Patrick Harding if what happened

to Ohlson affected his testimony in any way. The trial court forbid this line

of questioning.

B-1  Was this issue presented to the Arizona Supreme Court? Yes.

B-2  The issue was presented in a Petition For Special Action which was

    treated as a Petition For Review.

C. Ground three: THE PETITIONER WAS SUBJECTED TO DOUBLE

   JEAOPARDY WHEN HE WAS CONVICTED OF EXTREME DUI

   AND DRIVING WHILE IMPARED TO THE SLIGHTEST DEGREE

   Supporting facts: The Petitioner stands convicted of both Extreme DUI and

   Driving while impaired to the slightest degree. You cannot commit the greater

   without committing the lesser.

C-1   Was this issue presented to the Arizona Supreme Court? Yes.

C-2   The issue was presented in a Petition For Special Action which was

   treated as a Petition For Review.

13. Do you have any petition or appeal now pending in any court, either state or

federal, as to the judgment under attack. No.

14. Give the name and address, if known, of each attorney who represented you in

   the following stages of the judgment attacked herein:

   (a) At preliminary hearing: Self Represented.

   (b) At arraignment and plea: Self Represented.

   (c) At trial: Self Represented; Jason D. Kinsman, Esq., Pinal County Public

      Defender's Office, P.O. Box 2457, Florence, AZ 85132 advisory counsel.

   (d) At sentencing: Self Represented; Jason D. Kinsman, Esq., Pinal County

      Public Defender's Office, P.O. Box 2457, Florence, AZ 85132, advisory

      Counsel.

   (e) On appeal: Self Represented.

   (f) In any post-conviction proceeding: Self Represented.

   (g) On appeal from any adverse ruling in a post-conviction proceeding:

      Self Represented.

15. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court at the same time. Yes. I was sentenced for two charges in the same complaint.

16. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack? No.

17. WHEREFORE, Petitioner prays that this Court:

(a) Issue a Writ of Habeas Corpus to have Petitioner brought before it to the end he may be discharged from the threat of future incarceration, the restrain on his liberty due to probation; and collateral consequences (fines imposed, social stigma and civil penalties);

(b) Conduct an evidentiary hearing at which proof may be offered concerning the allegations of this petition; and

(c) Grant any further relief as may deemed proper and just.


RESPECTFULLY SUBMITTED this ___9th___ day of March, 2020.


BY _Donald K. Nelson_____

Donald K. Nelson
3500 S. Tomahawk, #142

9

Apache Junction, AZ 85119

I declare under penalty of perjury that the foregoing is true and correct.

Executed this day: _03/09/2020_.

Donald K. Nelson

Donald K. Nelson

Petitioner Pro Se