# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Kenneth Nelson,<br><br>Petitioner,<br><br>v.<br><br>Mark Lamb, et al.,<br><br>Respondents. | No. CV-20-00492-PHX-DLR (MTM)<br><br>**ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Michael T. Morrissey (Doc. 24) regarding Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1). The R&R recommends that the Petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service to file specific written objections with the Court. (Doc. 24 at 21-22.) Petitioner filed objections to the Magistrate's R&R on March 17, 2021 (Doc. 25), and Respondents filed their response on March 24, 2021 (Doc. 26). The Court has considered the objections and reviewed the R&R *de novo*. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). For the following reasons, the R&R is accepted.

Petitioner was convicted of one count of driving while impaired and one count of extreme DUI in violation of Arizona law. The Petition raises three grounds for relief. In Ground One, Petitioner claims he was denied due process because he was convicted by blood evidence that was drawn from him on the night of his arrest and allegedly tampered

with by the state.  In Ground Two, he claims the trial court's restriction on cross-examination denied him the right to confront witnesses.  In Ground Three, he alleges that the convictions for both extreme DUI and driving while impaired to the slightest degree subjected him to double jeopardy.

The R&R correctly found Ground One meritless.  It explained that Petitioner failed to meet his burden of proving, by clear and convincing evidence, that the state court's factual determination—that he failed to prove that the blood sample was tampered with—was incorrect.  In his objection, Petitioner persists that he carried his burden of showing that the blood was tampered with.  (Doc. 25 at 2.)  He claims the outer bag containing the evidence was not sealed properly and the Department of Public Safety ("DPS") did not include the tracking number of the sample.  In further support of his argument, he presented two granular still photos from the blood-drawing officer's 27-minute body cam video and his own self-serving affidavit about the amount of alcohol he consumed.  The R&R correctly pointed out that the photos do not show or prove what Petitioner argues.  After reviewing the video, the Magistrate Judge correctly determined that "Petitioner's interpretation of the video footage is incorrect, and certainly does not establish clear and convincing evidence that the blood samples were tampered with." (Doc. 24 at 13.)  Petitioner's photos do not clearly show three vials and the R&R correctly found that the video shows that, just before the blood was drawn, there were only two vials in the testing tray, not three.

Relatedly, Petitioner argues that the state's late disclosure of the body-cam video, after the motion to suppress was decided, made the denial of an evidentiary hearing unreasonable.  However, as the R&R explained, Petitioner's interpretation of the video and his arguments based on the video are not consistent with what the video shows.  Petitioner has not demonstrated that an evidentiary hearing would have resulted in the suppression of any evidence.  Likewise, Petitioner has not shown that an evidentiary hearing would have developed any relevant evidence to support his Ground One claim.

Petitioner also disagrees with the R&R's determination that "[a]t most, Petitioner established that the seals on the vials were loose and that there was an *opportunity* for the blood samples to have been tampered with, not that they actually were tempered with" (Doc. 24 at 12), arguing that "[u]ndoubtedly, an expert could enhance the picture to the pixel level and say to a reasonable certainty the three objects in the bag are the same type of object by the color of the pixels." (Doc. 25 at 4.) The point Petitioner misses is that the burden of proof of his. Mere speculation about what an expert could find from the evidence does not come close to meeting that burden. To the naked eye, and in the context of the other portions of the video, the photos do not show what Petitioner claims they show.

Overall, Petitioner disagrees with the R&R's Ground One findings by making the same arguments set forth in his Petition. However, the R&R correctly applied the standard when it found that the Pinal County Superior Court's denial of Ground One was neither contrary to nor an unreasonable application of clearly-established federal law nor that the state-court decision was based on an unreasonable factual determination. The blood tampering theory was presented to the jury, who rejected Petitioner's arguments. Evidence supports the jury's findings and Petitioner's disagreement with the jury's verdict and the superior court's rejection of his claim does not support federal habeas relief. The R&R correctly concluded that Petitioner failed to carry his burden of proof. *See Davis v. Ayala,* 576 U.S. 257, 276 (2015).

Next, the R&R correctly found Ground Two meritless. The claim is based on the limits the trial court imposed on Petitioner's cross-examination of two prosecution witnesses. First, Petitioner was not allowed to cross-examine Officer Campano ("Campano"), who performed the blood draw on Petitioner, about a 2008 incident in which Campano received a reprimand for telling a police dispatcher to log him as answering a call he did not answer. Second, Petitioner was not allowed to cross-examine DPS Criminalist Patrick Harding ("Harding") about a lawsuit brought by another DPS Criminalist against DPS for retaliation after testifying in an alleged unsatisfactory manner

in another matter. The R&R correctly found that Petitioner had failed to demonstrate both that trial court erred by placing the limits on cross-examination and that the error was more than harmless.

The limits the trial court placed on the cross-examination of Campano did not unreasonably apply the law as set forth in *Delaware v. Van Arsdall*, 475 U.S. 673, 680 (1986). The incident that Petitioner sought to explore in Campano's cross-examination occurred nearly nine years prior to trial and bore no factual resemblance to the issues in Petitioner's case. Petitioner argues that this evidence might have caused the jury to look at him in a new light, that the credibility of Campano was so important that it warranted the appointment of an expert to examine the video and stills, and that Campano might have been impeached. (Doc. 25 at 8.) However, Petitioner's speculation about what an expert *might* find is a confession of his failure to carry his burden. The Trial court's ruling was neither contrary to nor an unreasonable application of clearly-established federal law nor was the state-court decision based on an unreasonable factual determination.

The R&R also correctly found that, even had the limits on cross-examination violated Petitioner's Confrontation Clause rights, the constitutional error was harmless beyond a reasonable doubt. *Van Arsdall*, 475 U.S. at 681. There was ample evidence presented at trial of Petitioner's impairment and his blood alcohol levels. For example, the toxicology report of Petitioner's blood alcohol content was admitted without objection. And, Petitioner had ample opportunity to cross-examine Campano on his direct examination, and there was substantial corroborating evidence for Campano's testimony. Therefore, the R&R correctly determined that "Petitioner has not made a showing that '[a] reasonable jury might have received a significantly different impression of [the witness'] credibility had [the defense] been permitted to pursue his proposed line of cross-examination.'" (Doc. 24 at 17 (quoting *Van Arsdall*, 475 at 680).)

Turning to the Harding cross-examination, the R&R correctly determined that the limits did not violate the Confrontation Clause. The lawsuit that the trial court prohibited

Petitioner from exploring on cross-examination was unrelated to Petitioner's case and did not involve Harding. Petitioner has not shown how Harding's mere awareness of the lawsuit would have undermined Harding's testimony. Petitioner has therefore failed to show how his cross-examination of Harding could "lead to any facts from which a jury could draw a permissible inference about the reliability or credibility of the victim's testimony." *Herrera v. Att'y Gen. of Ariz.*, No. CV-17-00183-TUC-RM, 2021 WL 347815, at *6 (D. Ariz. Feb. 2, 2021).

Finally, the R&R correctly found Ground Three meritless. The two crimes for which Petitioner was convicted are not multiplications because each statute "requires proof of a fact which the other does not." *United States v. Wahchumwah*, 710 F.3d 862, 868-69 (9th Cir. 2013) (citing *Blockburger*, 284 U.S. 299, 304 (1932)). Therefore, convictions of the crimes for which Petitioner was charged do not raise Double Jeopardy concerns. The offense of Driving Under the Influence, A.R.S. § 28-1381(A)(1), requires proof that a person in physical control of a vehicle is "under the influence of intoxicating liquor" and is "impaired to the slightest degree." In contrast, the offense of extreme DUI, A.R.S. § 28-1382(A)(2) requires proof that a person has a blood alcohol concentration ("BAC") of 0.20 or more "within two hours of driving or being in actual physical control of the vehicle and the alcohol consecration results from alcohol consumed either before or while driving or being in actual physical control of the vehicle." The elements of the statutes are different, enabling a person to violate one without violating the other. *See Anderjeski v. City Court of City of Mesa*, 663 P.2d 233, 234-35 (Ariz. 1983). Accordingly,

**IT IS ORDERED** that the R&R (Doc.24) is **ACCEPTED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections to the R&R (Doc. 25) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and **DISMISSED WITH PREJUDICE.**

1 **IT IS FURTHER ORDERED** that a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right. The Clerk of the Court shall enter judgment denying and dismissing Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 1) with prejudice and shall terminate this action.

Dated this 14th day of May, 2021.

Douglas L. Rayes
United States District Judge